FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG 28 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BRUCE WESTIN,<br><br>    Plaintiff,<br><br>v.<br><br>DEPUTY ALEX VAZIRI,<br><br>    Defendant. | Case No. CV 11-10738-MWF (MLG)<br><br>MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT FOR FAILURE TO SERVE AND PROSECUTE |

On January 6, 2012, Plaintiff Bruce Westin filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, naming the Los Angeles County Sheriff's Department and Deputy Alex Vaziri as defendants. The complaint alleged that Vaziri used unreasonable force against Plaintiff while arresting him on February 11, 2011, and that the Sheriff's Department was liable as Vaziri's employer.

On January 11, 2012, Magistrate Judge Marc L. Goldman dismissed the complaint with leave to amend with respect to the Sheriff's Department because the allegations against it were based solely upon the theory of respondeat superior, which is not a basis for liability under section 1983. *See Monell v. Department*

*of Social Svs.*, 436 U.S. 658, 691 (1978). Plaintiff did not file an amended complaint within the time allowed, and on February 8, 2012, it was ordered that the United States Marshal effect service upon Deputy Vaziri only. A service packet was sent to Mr. Westin for completion and forwarding to the Marshal for the purpose of effecting service.

It came to the Court's attention that the service packet had never been sent to the Marshal, and on April 16, 2012, Magistrate Judge Goldman issued an order directing Plaintiff to show cause why the case should not be dismissed for failure to take affirmative steps to serve the Defendant. On the same day, Plaintiff filed a motion to extend the time to effect service and on April 17, 2012, the order to show cause was dismissed and an extension of time to effect service was granted.

On July 11, 2012, Plaintiff requested a second extension of time to effect service. Plaintiff stated that he had sent the wrong material to the Marshal and that service could not be effected in that manner. He further stated that instead of resubmitting the summons and complaint to the Marshal, he would utilize the Sheriff's Department to effect service.

On July 13, 2012, Magistrate Judge Goldman granted Plaintiff an extension of time to August 3, 2012, in which to effect service on Vaziri, either through the United States Marshal, the sheriff's department, or on his own. Plaintiff was cautioned that the failure to timely effect service would result in dismisssal of this action without prejudice. As of August 23, 2012, no proof of service has been filed and no additional extension of time has been requested.

This action will be dismissed without prejudice. Rule 4(m) of the Federal Rules of Civil Procedure provides that if service is not made within 120 days after the filing of the complaint, and the plaintiff cannot show good cause why service was not made within that period, the action shall be dismissed without prejudice upon the court's own initiative with notice to the plaintiff. *See Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991)(affirming dismissal of complaint for failure to timely serve the summons and complaint); *Townsel v. County of Contra Costa*, 820 F.2d 319, 320 (9th Cir. 1987)(same). The 120 days in which to effect service in this case expired on May 7, 2012. The second of the two extensions of time to effect service expired on August 3, 2012. Plaintiff has still not served the summons and complaint.

While the court is mindful that Plaintiff is proceeding *pro se*, he nonetheless has a responsibility to follow the Rules of Civil Procedure and this Court's orders regarding service. Plaintiff has failed effect service despite being twice specifically informed of this requirement and being given extensions of time to in which to do so. The failure to effect service warrants dismissal of this action by reason of Rule 4(m).

In addition, Courts possess the discretionary authority to dismiss an action based on a plaintiff's failure to diligently prosecute or comply with a court order. Fed.R.Civ.P. 41(b); Local Rule 12.1. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-630 (1962). "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The Court is required to weigh the following factors in determining whether to dismiss a case for lack of

prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (citing *Henderson*, 779 F.2d at 1423).

In weighing these factors, the court concludes that dismissal is appropriate in this case. The case has been pending for eight months without service upon the defendant. Plaintiff has twice been given extensions of time and warned that his failure to effect service would result in dismissal of this action. The interest of the public and the court in bringing cases to resolution weighs in favor of dismissal. There are no other sanctions available when a party has failed to prosecute or effect service.

Accordingly, it is ORDERED that this action be dismissed without prejudice for failure to effect service and failure to prosecute.

Dated: August 28, 2012

_____
Michael W. Fitzgerald
United States District Judge

Presented By:

_____
Marc L. Goldman
United States Magistrate Judge

4